## JEREMIAH DENNEHEY *vs.* RUFUS WOODSUM.

An action for malicious prosecution cannot be maintained upon a declaration which omits to allege distinctly that the prosecution was without probable cause.

In pleading, the words " and thereupon " in their ordinary meaning mark the succession of events in time, and do not necessarily exclude the existence of other material facts than those previously recited.

In an action for malicious prosecution, the declaration alleged, in one count, that the defendant made a false and malicious complaint against the plaintiff to a trial justice, and testified falsely at the trial thereof before the justice, " and thereupon " the justice found the plaintiff guilty, but at the trial of the complaint in the superior court on appeal the plaintiff was acquitted; and in another count alleged that the defendant made another false and malicious complaint against the plaintiff to the trial justice, and testified falsely at the trial thereof before the justice, and " upon that evidence " the justice found the plaintiff guilty, but in the superior court on appeal the complaint was dismissed without trial. *Held,* on demurrer, that both counts were bad, as failing to allege distinctly want of probable cause for the respective prosecutions.

In an action for malicious prosecution, the defendant demurred to the declaration " for the reason that said declaration does not state a legal cause of action," and specially assigned as the particular in which the alleged defect consisted " that it conclusively appears by said declaration that there was probable cause " for the prosecution. The declaration did not conclusively show probable cause, but did not distinctly allege want thereof. *Held,* that the particulars of the defect were " pointed out " within the meaning of the Gen. Sts. *c.* 129, § 12.

TORT for malicious prosecution. The declaration contained two counts, of which the substance was as follows:

The first count alleged that the defendant, on or about November 5, 1866, falsely and maliciously complained to a trial justice for Norfolk that the plaintiff wilfully and maliciously injured the defendant's horse; and procured a warrant on this complaint, and caused the plaintiff to be arrested thereon and taken before the justice; and then and there falsely testified that the plaintiff did commit the injury; "and thereupon" the justice found the plaintiff guilty, and ordered him to stand committed to jail; and the plaintiff appealed, and, not being able then and there to furnish bail to prosecute the appeal, was imprisoned until he procured bail; and afterwards, on the trial of the complaint in the superior court, on the appeal, it appeared from the evidence that no malicious or wilful injury was done by the plaintiff or any other person to the horse, and the plaintiff was "thereupon" acquitted and discharged; by which false and malicious complaint and prosecution the plaintiff suffered injury, &c.

The second count alleged that the defendant, on or about the same date, falsely and maliciously complained to the same trial justice that the plaintiff had been guilty of drunkenness; and procured a warrant on this complaint; and caused the plaintiff to be arrested thereon and taken before the justice; and then and there falsely testified that the plaintiff was drunk as averred in the complaint; and "upon that evidence" the justice found the plaintiff guilty, and sentenced him to pay a fine and costs; and the plaintiff appealed, and, not being able at once to give the requisite bail, was committed to jail and imprisoned until he procured it; and afterwards in the superior court, on the appeal, the plaintiff appeared to answer to the complaint, but it was dismissed without trial and the plaintiff discharged; by which false and malicious prosecution the plaintiff suffered injury, &c.

The defendant demurred "for the reason that said declaration does not state a legal cause of action," and assigned specially "as the particular in which said declaration is defective, that it conclusively appears by said declaration that there was probable cause for the complaints therein alleged to have been made by

the defendant against the plaintiff;" the superior court sustained the demurrer; and the plaintiff appealed.

*P. E. Tucker*, for the defendant.

*E. Avery*, for the plaintiff.

WELLS, J. Absence of probable cause for the criminal charge is essential to the maintenance of an action for malicious prosecution. It must be made distinctly to appear by the averments of the declaration. It is not alleged affirmatively in either count of the declaration in this case.

In the first count it is alleged that the plaintiff was convicted of the criminal charge before the trial justice, but, upon appeal to the superior court, was there acquitted. This does not show want of probable cause. On the contrary, it is ordinarily held to be conclusive evidence of probable cause, and to defeat the action. *Whitney* v. *Peckham*, 15 Mass. 243. This is so, even when the first conviction is obtained by false testimony. *Parker* v. *Huntington*, 7 Gray, 36. The plaintiff seeks to take this case out of the general rule, on the ground that the conviction before the trial justice was obtained by the false testimony of the defendant himself, in pursuance of his original malicious purpose. If the conviction had been obtained solely upon the defendant's own false testimony, there would be strong reason for holding that it afforded no evidence of probable cause; and then the ultimate acquittal might warrant the maintenance of the action. But we do not think that the declaration sufficiently shows that the conviction before the trial justice was obtained solely upon the false testimony of the defendant. It alleges that he testified falsely; but not that there was no other testimony. "And thereupon" marks the succession of events in order of time. In pleading we cannot hold that it excludes the existence of other facts than those previously recited. This count therefore neither avers want of probable cause directly, nor makes it appear from its statement of the result of the criminal prosecution.

The other count is equally deficient. In this it is alleged that the conviction before the trial justice was obtained upon the false testimony of tne defendant. We may hold therefore

that it does not show probable cause. But neither does it show want of probable cause. Upon appeal to the superior court, the complaint "was dismissed without trial, and the plaintiff discharged." This does not show want of probable cause. And upon that statement of the case the action cannot be maintained. *Parker* v. *Huntington,* 2 Gray, 124. *Bixby* v. *Brundige,* Ib. 129. *Bacon* v. *Towne,* 4 Cush. 217, 235. *Brown* v. *Lakeman,* 12 Cush. 482. *Parker* v. *Farley,* 10 Cush. 279.

The defect in both counts is, that they do not aver, nor show, in any manner, the essential element of want of probable cause. The cause of demurrer assigned is, "that it conclusively appears by said declaration that there was probable cause." We do not think that it does thus conclusively appear; nor is it necessary that it should. The office of the demurrer is, to point out "the particulars in which the alleged defect consists;" not to set up affirmative grounds of defence. Gen. Sts. *c.* 129, § 12. Although this assignment of grounds of demurrer goes beyond what is required, it does not fail to "point out" the particulars of the defect. It is therefore to be sustained.

*Judgment for the defendant.*