# APPENDIX.

WILLIAM E. CLEMENTS *vs.* THE ODORLESS EXCAVATING APPARATUS COMPANY.

*Probable cause—Evidence.*

Where a party obtains a judgment or decree against another, and is afterwards sued for malicious prosecution, the judgment or decree is ordinarily conclusive evidence of probable cause. But if it be shown that the judgment or decree was obtained by fraud, it is no evidence whatever of probable cause. Per BRYAN, J.

BRYAN, J., filed the following dissenting opinion:

In the third count of his declaration, Clements, the plaintiff below, alleged that the defendant falsely and maliciously procured an injunction to be issued against him, by falsely alleging in its bill of complaint filed in the Circuit Court of the United States, for the District of Maryland, that he, Clements, was infringing its patent rights by making, using and selling a machine or apparatus for emptying sinks, wells and privies; and that by reason of said false and malicious charges, it was enabled to procure said injunction to be issued against Clements for the purpose, and with the intent of oppressing him and breaking up his business, and to prevent him from competing with it in the business of cleaning sinks, wells and privies, and that by so doing it subjected him to great loss and expense.

The record of the injunction suit showed that the decree of the Circuit Court made the injunction perpetual,

but that on appeal to the Supreme Court, the decree was reversed and the bill dismissed. In the bill the complainant, the Odorless Excavating Apparatus Company, alleged that the letters patent had been in controversy before the Circuit Court in a suit in equity by the same complainant against one Thomas Quillan, and that the Circuit Court had passed a decree affirming the validity of. said letters patent. In its opinion in the suit against Clements, the Circuit Court use this language: "The validity of this patent as reissued, was established by this Court in the case instituted by the present complainant against Quillan, which was decided by the late Judge GILES, and all the questions as to the validity of the reissue, and the identity of the apparatus covered by this patent with the apparatus used by the defendant, having been considered and passed upon by Judge GILES in that case, we should not without most cogent reasons disturb that decision."

It thus appears that the decree against Quillan operated with great and almost conclusive force against Clements in the suit against him; that it interposed in the way of his defence, obstacles of a very serious and almost insurmountable character. Now Clements sought to prove that the decree against Quillan was collusively obtained by means of a fraudulent combination between Quillan and the Excavating Company, and that the combination was made for the purpose of establishing a precedent in the Circuit Court by which the Excavating Company would be the better enabled to maintain a suit of the kind against him (Clements) and others for the infringement of the alleged patent rights. I will state the offers of evidence. In the first exception it is stated: "The plaintiff then offered in evidence, as tending to prove a want of probable cause, fraud and malice, the record and all the proceedings, together with the decree, in the case of this defendant against said Quillan, in said Circuit Court of the U. S. for the District

Clements *vs.* Odorless Apparatus Co.

of Maryland, and as tending to prove that said decree was the result of fraud and collusion between this defendant and Quillan, and that there was no *bona fide* defence made to said action—no argument made for the said Quillan at the trial of the case; and further, that this plaintiff had offered to secure at his own expense, an able and competent patent lawyer to defend said case." In the second exception this offer is made: "the plaintiff further offered evidence tending to prove that the defence in the Quillan case was not an honest and *bona fide* defence, but on the contrary, that it was a combination entered into between the parties thereto (this defendant and Quillan,) for the purpose of establishing a precedent in that Court by which this defendant might be the better enabled to maintain an action of the same kind against the plaintiff and others for the infringement of its pretended patent rights, and that after the injunction had been issued against said Quillan upon decree passed in said cause; that said Quillan continued to use the same apparatus up to the time of his death, some years subsequent thereto; and further, that before the decree in the Clements' appeal case to the U. S. Supreme Court was promulgated, the defendant here (the Odorless Excavating Apparatus Co.) offered this plaintiff $5000.00 and an interest in the corporation, if he (Clements) would dismiss his appeal and join in crushing out all opposition to its pretended patent claims to the apparatus, mentioned in its bill against him." The Court below refused to permit this evidence to be given.

For the purpose of deciding these exceptions, we must, of course, assume the truth of the matters stated in them. They show that the defendant inflicted great injury on Clements, and that the injury was effected by a fraudulent and malicious use of the proceedings of a Court of justice. The means used included a deception practiced on the Court, and a conspiracy for the purpose of making the deception successful. A great wrong is done, and the

means of doing it are marked by very great turpitude. I know of no reason whatever why the law should not give redress in such a case. Assuredly there are no circumstances to palliate the enormity of the defendant's conduct. Any one who maliciously and without probable cause injures another in respect to his life, liberty, property or reputation must be held responsible in damages to the injured party. The law would itself be an engine of oppression if it permitted such wrongs to go unpunished. It is well settled that an action may be maintained for the malicious prosecution of a civil suit, and it is governed by the same rules as apply to a suit for a malicious criminal prosecution. There is no exception in the case of an injunction which has been maliciously obtained and prosecuted. On this point it is needless to accumulate authorities. We need go no further than the case of *The Crescent Live Stock Company*, 120 *United States*, 141, which in one branch of it was a suit for a malicious prosecution of a bill in equity for an injunction. The Supreme Court in their opinion deal with the right of action as settled beyond question, and consider the doctrine of probable cause, as the only matter in controversy in the case. It is necessary in these actions to show malice on the part of the prosecutor, and a want of probable cause. Ordinarily the fact that the suit had been decided in favor of the prosecutor would conclusively prove probable cause; even although the decision had been reversed on appeal to a higher Court. This point was clearly decided in the case of the *Crescent Live Stock Company*, 120 *United States;* but the exceptions to this rule are also clearly stated in the opinion of the Supreme Court. It is shown by an examination of the best authorities on the subject, that the effect of the judgment as evidence of probable cause is countervailed and destroyed, if it is shown that it was procured by fraud, or other undue means. And it would be very strange if the law were otherwise. It is said by

Lord COKE that fraud vitiates the most solemn proceedings of Courts of justice. It would be a monstrous perversion of right to hold that a party could obtain a judgment by iniquitous means, and then set up such judgment as a defence, when called to responsibility for the malefactions by which he obtained it. It must be assumed that one cardinal purpose of the law is to punish and redress wrongs. Its proceedings are intended for the administration of justice, and when they are perverted by fraud and malice to purposes of injustice and oppression, a grave crime is committed against the best interests of society; and all who are concerned in its perpetration ought to be brought to punishment. And as I understand the most enlightened decisions, frauds on the administration of justice are not shielded by any rule, however well it may be established in its application to ordinary cases. It is not tolerated, that a practice established for the maintenance of right shall be wrested from its legitimate scope, so as to become the safeguard of misdeeds which strike at the very root of all justice. Accordingly in the leading case of *Granger vs. Hill, 4 Bingham's New Cases*, 212, it was held that "in an action for abusing the process of the Court, in order illegally to compel a party to give up his property, it is not necessary to prove that the action in which the process was improperly employed has been determined, or to aver that the process was sued out without reasonable or probable cause." This case has been constantly followed and approved, and I have yet to learn that it has ever been questioned. One more citation will be sufficient: *Burt vs. Place, 4 Wendell*, 591, was an action for malicious prosecution. It was shown that the defendant had maliciously, and by false and fraudulent means obtained a judgment against the plaintiff, which he had used for his oppression. The plaintiff brought his action for malicious prosecution. The evidence showed in the language of the Court "an iniquitous abuse of the process

of the law to accomplish an illegal purpose." It was decided that the fraud contradicted and overcame the evidence of probable cause, which was furnished by the judgment in the case alleged to have been maliciously prosecuted. In affirming the judgment in favor of the party suing for malicious prosecution, the Supreme Court says: "The sacred functions of a tribunal of justice were perverted to the purpose of private oppression. He who is proved guilty of this desecration should, for example's sake, meet with unstinted justice." When it is alleged that a person has prosecuted a suit against another with malice and without probable cause, it is a wise and just principle that a judgment of a Court of competent jurisdiction in favor of the plaintiff is conclusive evidence that he had probable cause for bringing his suit. It must be so in the nature of things, if the judgments of Courts are to be regarded as having any authority. But if it be shown (as proposed in this case) that the judgment (or decree) is not the fair expression of the opinion of the Court; but that it was the result of a deception practiced on the Court, it would be contrary to reason to hold that it had any tendency whatever to prove probable cause.

In my opinion the conduct charged upon the defendant is a very grave misprision, deserving severe punishment. The evidence ought to have been admitted, and, if believed by the jury, it required a verdict for vindictive damages.

(Filed 24th February, 1888.)