A. SAMUEL WINGERSKY *vs.* E. E. GRAY COMPANY.

Suffolk.    October 21, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Malicious Prosecution.   Larceny.   Receiving Stolen Goods.   Practice, Civil,*
Demurrer, Entry of judgment.

A declaration contained three counts. In the first count there was set forth a prosecution of the plaintiff by the defendant in a municipal court "maliciously and without probable cause" for the receiving of certain described stolen goods to the value of $1.48 on a certain date; and that the defendant was acquitted of the charge. In the second count was set forth a complaint in the same municipal court of the same date as the other complaint for larceny of the goods of the same de-

scription and on the same date, and that after a hearing the plaintiff, defendant in the complaint, was ordered to appear before the Superior Court, where later he was acquitted by a verdict of the jury. In a third count was set forth a claim for malicious prosecution by a complaint in the same court and on the same date as those described in the other two counts on a charge of receiving stolen goods, and that, on the same date as that stated in the other two counts, there was a hearing and the defendant was found not guilty. Copies of the complaints were annexed to the first and second counts; none was annexed to the third count. The defendant demurred and the demurrer was sustained. *Held,* that

(1) It appeared by necessary intendment from the allegations of the second count that the plaintiff was found guilty in the Municipal Court and appealed to the Superior Court, where he was acquitted;

(2) It was plain from the declaration that the two complaints constituted but a single prosecution in the sense in which that word is used in the law of civil remedy for malicious prosecution: it was one and only one effort to convict the plaintiff of criminal conduct with respect to the same general subject;

(3) It was a necessary and inevitable conclusion that the defendant was found guilty of larceny in the Municipal Court and, there being no fact alleged tending to impeach that finding on some ground recognized by the law, such as fraud, conspiracy, perjury or subornation of perjury as its sole foundation, it was conclusive proof of probable cause to make the complaint even though followed, on appeal to the Superior Court, by a verdict of not guilty;

(4) The second count standing alone, in the light of all the facts alleged, set out no cause of action because of the finding of probable cause in the court of first instance;

(5) The demurrer rightly was sustained to all the counts.

Tort for malicious prosecution. Writ dated March 10, 1924.

The original declaration is described in the opinion. The defendant demurred. The demurrer was heard by *Morton,* J., and was sustained. By leave granted by *Weed,* J., the plaintiff then amended his declaration as described in the opinion, and the defendant demurred to the declaration as amended. This demurrer also was heard by *Morton,* J., and was sustained and, exceptions having been waived, a motion for judgment for the defendant was allowed by *Hammond,* J. The plaintiff appealed.

*H. Silverman,* for the plaintiff.

*R. A. B. Cook,* for the defendant.

RUGG, C.J. This is an action of tort for malicious prosecution. It is alleged in count one of the declaration that the defendant "maliciously and without probable cause" in-

stituted a criminal complaint in the Municipal Court of the City of Boston, charging the plaintiff with receiving stolen goods, and that after hearing the plaintiff was discharged. It is alleged in the second count that the defendant maliciously and without probable cause instituted a complaint in the same court, charging the plaintiff with larceny, and that after hearing he was ordered to appear before the Superior Court, where later he was acquitted by a verdict of the jury. Copy of each complaint is annexed to the declaration, whereby it appears that both bear the same date and described the same goods, alleged in each to be of the value of $1.48, and name the same date for the commission of the alleged offences. It is manifest by necessary intendment from the allegations of the second count that the plaintiff was found guilty in the Municipal Court of the City of Boston and appealed to the Superior Court and was in the latter court acquitted. The plaintiff was allowed to amend by adding a third count alleging in more brief and accurate form malicious prosecution arising from the complaint for receiving stolen goods.

It is plain from the declaration that the two complaints constituted but a single prosecution in the sense in which that word is used in the law of civil remedy for malicious prosecution. The date of the complaint, the date of the alleged crime and the description of the property are identical in each complaint. One cannot be convicted of being the thief and the receiver, knowing it to be stolen, of the same property. The two are separate and distinct offences. A finding of guilty upon one charge is inconsistent with conviction upon the other. *Commonwealth* v. *Haskins*, 128 Mass. 60.

The difference between the offences described in the two complaints is that in one the defendant was charged as being the principal and in the other he was charged with being in substance an accessory after the fact, both with respect to the same main crime. "The line which separates a felonious taking as proved by the recent possession of stolen property, and a receiving of it, knowing it to be stolen, is often indistinct and difficult to establish by proof. But the identity

of the prosecution is none the less clear, because the nature
of the evidence renders it difficult to ascertain whether the
offence consists in an active commission" of the crime "or in
being accessory to it before or after the fact." *Bacon* v.
*Waters,* 2 Allen, 400, 402. *Bacon* v. *Towne,* 4 Cush. 217.
*Gaiser* v. *Hurleman,* 74 Ohio St. 271. Two complaints were
made by the defendant, but in the sense in which the word is
used in this branch of the law the two complaints constituted
but a single prosecution. It was one and only one effort
to convict the plaintiff of criminal conduct with respect to
the same general subject.

In the Municipal Court, the plaintiff was found guilty
of larceny on the complaint set forth in the second count.
Although not specifically so alleged, that is a necessary and
inevitable conclusion from the other facts therein alleged.
The case must be considered on that footing. A finding of
guilty in the Municipal Court on the complaint charging
the plaintiff with larceny was conclusive proof of probable
cause to make the complaint even though followed, on appeal
to the Superior Court, by a verdict of not guilty, unless the
conviction can be impeached on some ground recognized
by the law, such as fraud, conspiracy, perjury or subornation
of perjury as its sole foundation. *Whitney* v. *Peckham,* 15
Mass. 243. *Dennehey* v. *Woodsum,* 100 Mass. 195. *Morrow* v. *Wheeler & Wilson Manuf. Co.* 165 Mass. 349. *Desmond* v. *Fawcett,* 226 Mass. 100. The second count standing
alone, in the light of all the facts alleged, sets out no cause
of action because of the finding of guilty in the court of first
instance.

It would be contrary to underlying principles of the law
of malicious prosecution to permit the plaintiff to recover on
the first or third count in view of the finding in the Municipal
Court of guilt on the larceny complaint. It is the duty of
every member of society to see to it that crime is punished
so far as lies in his power. Where one acts with probable
cause and in good faith in making a complaint to the proper
court, he ought not to be permitted by the law to be harassed. This kind of action is not to be favored and ought
not to be encouraged. Its extension beyond bounds already

established would have a "tendency to deter men who know of breaches of the law, from prosecuting offenders, thereby endangering the order and peace of the community." *Cloon* v. *Gerry*, 13 Gray, 201, 202. *Desmond* v. *Fawcett*, 226 Mass. 100, 103.

It well might be the duty of a complainant, reasonably sure that one or the other of the two crimes had been committed but not certain precisely what shade of crime the evidence might show, to make complaints both for larceny and for receiving goods knowing them to be stolen, in order that there might be no miscarriage of justice through variance between the allegation and the proof although the evidence might be plenary of the commission of the one crime not charged. The natural inference from the facts alleged in all counts is that that is what occurred in the case at bar.

The demurrer was rightly sustained even after the declaration had been amended. It was the proper course to allow the motion for judgment in favor of the defendant.

*Judgment affirmed.*