JOHN DELLA JACOVA *vs.* MYRON WIDETT.

Middlesex.    December 4, 1968. — January 31, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Malicious Prosecution. Probable Cause. Pleading, Civil,* Declaration. *Forgery. District Court,* Jurisdiction. *Evidence,* Of prior conviction, *Practice, Civil,* New trial.

Want of probable cause was sufficiently stated in the declaration in an action for malicious prosecution by allegations that the defendant without probable cause brought about a prosecution of the plaintiff for larceny in a Municipal Court, that he was convicted therein but acquitted on appeal to the Superior Court, and that, although the plaintiff and other witnesses testified in his defence in the Municipal Court, his conviction in that court was brought about solely by

Della Jacova *v.* Widett.

certain described false testimony of the defendant, the only witness for the Commonwealth, as to the plaintiff's purloining a substantial sum of money of the defendant from a safe deposit box. [269]

At the trial of an action for malicious prosecution of the plaintiff by the defendant on a charge of larceny of a substantial sum, on which the plaintiff had been convicted in a Municipal Court but acquitted on appeal to the Superior Court, certain evidence as to testimony given by the defendant in the Municipal Court as a witness for the Commonwealth and testimony by the plaintiff and other witnesses in his defence in that court, and conflicting evidence as to whether a police officer had been a witness for the Commonwealth or merely the prosecutor in that court, warranted findings that the defendant's testimony therein had been false, that the conviction therein had been brought about solely by such false testimony, and that the prosecution of the plaintiff had been without probable cause. [272–273]

A Municipal Court had no jurisdiction to convict a defendant of the crime of forgery under G. L. c. 267, § 1. [273]

In an action for malicious prosecution of the plaintiff by the defendant on a charge of forgery, a conviction of the plaintiff of that crime under G. L. c. 267, § 1, in a Municipal Court was beyond the jurisdiction of that court and did not establish conclusively that there had been probable cause for the prosecution, and the defendant received all he was entitled to by an instruction to the jury allowing them to consider the conviction on the issue of probable cause. [274]

At the trial of an action for malicious prosecution of the plaintiff on certain criminal charges, evidence that the plaintiff had been convicted of an unrelated crime was not admissible either as evidence of the plaintiff's character "so as to eliminate . . . [or] mitigate . . . his damages" or as evidence of probable cause for the prosecution. [274–275]

No abuse of discretion was shown in denial of a motion by the defendant for a new trial of an action for malicious prosecution after a verdict for the plaintiff, especially when the defendant had not testified at the trial and the judge had instructed the jury that they might draw an inference that testimony by the defendant would not be favorable to him. [275]

TORT. Writ in the Superior Court dated October 7, 1964.

A demurrer to the declaration was overruled by *Kalus,* J. The action was tried before *Moynihan,* J.

*Morris M. Goldings (Joel Z. Eigerman* with him) for the defendant.

*Robert E. McLaughlin* for the plaintiff.

WILKINS, C.J. In this action of tort for malicious prosecution counts 1 and 3 are now material. The defendant's demurrer to each count was overruled. When the case was

tried on the merits, the jury returned a verdict for the plaintiff on each count. The defendant argues exceptions to the overruling of the demurrer, to the denial of requests for instructions, to the charge, and to the denial of his motions for a directed verdict and for a new trial.

Count 1 alleges that on or about January 22, 1964, the defendant, maliciously and without probable cause, caused the plaintiff to be prosecuted for the crime of larceny in the Municipal Court of the City of Boston; that the plaintiff was found guilty, but that the conviction was obtained solely by the false testimony of the defendant, in that the only witness for the Commonwealth was the defendant, who testified that he put $3,000 in a safe deposit box and that the plaintiff admitted to him that the plaintiff later "got into the box and cleaned it out"; that although the plaintiff testified and produced two witnesses in his defence, their testimony was such that the conviction was obtained only and solely upon the false testimony of the defendant; that prior to the events alleged the plaintiff and the defendant were business partners; that the defendant owed the plaintiff money and a stock interest in a corporation he had formed, and stated to the plaintiff that he would drop the charge if the plaintiff would release his claims against the defendant; and that the plaintiff appealed his conviction to the Superior Court where he was acquitted.[1]

Count 3 was substantially identical except that the crime was forgery and the false testimony was that the plaintiff, with intent to steal the property of the defendant from his safe deposit box, signed the defendant's name to an access slip for the box.

1. The burden was on the plaintiff to show, as an essential part of his case, that the charges were instituted without probable cause. *Keefe* v. *Johnson*, 304 Mass. 572, 577. *Higgins* v. *Pratt*, 316 Mass. 700, 709. *Broussard* v. *Great Atl. & Pac. Tea Co.* 324 Mass. 323, 326. The general rule in this Commonwealth is that conviction in the tribunal to which complaint was made, although reversed on appeal, is

---

[1] The verdict was directed.

conclusive proof of probable cause, unless that conviction (1) "was obtained solely by false testimony of the defendant" in the action for malicious prosecution, or (2) is "impeached on some ground recognized by the law, such as fraud, conspiracy, perjury or subornation of perjury as its sole foundation." *Wingersky* v. *E. E. Gray Co.* 254 Mass. 198, 201. *Dunn* v. *E. E. Gray Co.* 254 Mass. 202, 203–204. *Broussard* v. *Great Atl. & Pac. Tea Co., supra,* 326. *Magaletta* v. *Millard,* 346 Mass. 591, 596.

In order to avoid the effect of a conviction in the Municipal Court, the declaration in an action for malicious prosecution must allege sufficient facts to show that the conviction was caused solely by the wrongful conduct of the defendant. *Dennehey* v. *Woodsum,* 100 Mass. 195, 197. *Dunn* v. *E. E. Gray Co.* 254 Mass. 202, 204. The declaration here alleges that the conviction was obtained solely on the false testimony of the defendant, who was the only witness for the Commonwealth; that he testified that he put $3,000 in the safe deposit box; that the plaintiff admitted to him that the plaintiff "got into the box and cleaned it out"; and that with intent to steal he signed the defendant's name to an access slip to the box; that the plaintiff and two others testified in his defence in the Municipal Court; but that their testimony was such that the conviction was obtained solely upon the defendant's false testimony.

One ground of demurrer, and the only one presently relied upon, is: "From each count it appears conclusively that the plaintiff was convicted of the respective crime [*sic*] in the Municipal Court of the City of Boston; that said conviction did not follow solely upon the testimony of the defendant, but in fact followed the testimony of the plaintiff and at least two (2) other witnesses; and therefore the essential elements of the plaintiff's case are lacking." We think that the allegations of the declaration are appropriately definite to come within the rule stated in *Dunn* v. *E. E. Gray Co., supra,* 203–204. It would be undesirable to require the evidence to be set forth in detail in the declaration. The demurrer was rightly overruled.

Della Jacova *v*. Widett.

2. The same question is presented in greater detail when raised by the defendant's motion for a directed verdict, in the requests for instructions, and in the charge. There was testimony in the case at bar that at the trial in the Municipal Court the plaintiff and three other persons were witnesses on his behalf, and the defendant Widett was a witness for the Commonwealth. There was conflicting testimony whether one McDonough, a police detective, was a witness for the prosecution or merely prosecuted the case. This will be noticed later. The three witnesses for the plaintiff were his wife; Frank J. Meistrell, Esquire, an attorney; and one Martin Scanlon, not otherwise identified. According to the plaintiff's testimony in the case at bar, both Mr. Meistrell and Scanlon testified in the Municipal Court that the defendant told them that he had obtained a safe deposit box for the plaintiff's pistols. Further, Mr. Meistrell himself so testified in the case at bar. No other testimony of importance was attributed to those two witnesses.

It was unquestioned that on March 28, 1963, the defendant rented a safe deposit box at a Boston bank, and that present at the time were the plaintiff, his wife, and the defendant. There was testimony permitting the jury to find that a purpose, if not the only one, was to provide a place for the plaintiff to put two disassembled pistols. It is undisputed that the plaintiff placed the pistols in the box. The defendant's testimony, denied by the plaintiff, was that at the same time the defendant put $3,000 in cash in the box. There was testimony from the plaintiff and his wife that on that occasion the defendant handed the keys to the wife stating that he had no use for them. On July 26, 1963, the plaintiff went to the box alone with a key received from his wife. He testified in the present case that he "knew he could not sign his own name to the access slip and looking at the slip made an effort to sign the slip in the way in which the defendant signed his name." An attendant admitted the plaintiff to the box. The plaintiff also testified that he removed the pistols which were the sole contents of the box; that two or three days later he

told the defendant that he had removed them from the box; that there was nothing there; that he had no use for the box; and that the defendant said nothing and took the key. The only other time the box was visited was on January 13, 1964, when it was drilled open in the presence of the defendant and found to be empty.

The testimony was not stenographically transcribed in the Municipal Court. Our information as to the content of that testimony comes from witnesses in the malicious prosecution case. Their evidence, above stated, in our opinion, bears out the allegation of the declaration that the testimony of the plaintiff's witnesses did not preclude a decision that the conviction was obtained solely upon the false testimony of the defendant.

The defendant's brief states: "The Massachusetts rule is clearly that the existence of testimony at the original criminal trial other than that given or procured by the complainant forecloses collateral attack upon the original conviction in a subsequent action for malicious prosecution on the grounds that it was obtained solely by the fraud or perjury of such complainant." In support are cited two cases, neither of which, in our opinion, sustains the broad proposition claimed. In *Dennehey* v. *Woodsum*, 100 Mass. 195, 197, the declaration was adjudged defective because it alleged only that the defendant "testified falsely; but not that there was no other testimony." This is not tantamount to a ruling that the mere existence of other testimony would, without more, preclude proving that the conviction was obtained solely by the defendant's improper acts. It would still be a question whether the testimony was sufficiently described to enable such a finding to be made.

In *Carere* v. *F. W. Woolworth Co.* 259 Mass. 238, the question arose, not upon demurrer, but after trial on the merits. The defendant relies upon a statement, which reads (page 241): "We cannot know that the judge of the Municipal Court did not act upon conclusions based in part on testimony given by the plaintiff. When that is so, a judgment of conviction must be taken as conclusive proof

of probable cause to institute the proceeding, at least in an action for malicious prosecution." The stated facts are meager. Consistent with what we believe to be the proper view, we read this to mean that the evidence was not sufficiently detailed to enable a finding to be made as to the basis of the action of the judge in the Municipal Court. That this is the true principle is evident from *Broussard* v. *Great Atl. & Pac. Tea Co.* 324 Mass. 323, where a conviction was the result of a trial in which there were other witnesses than the defendant's employees. This court analyzed the record in order to try to ascertain the basis upon which the lower court conviction rested, and concluded that upon that record the basis could not be known.

This court, it is true, has looked with unapproving eye upon actions for malicious prosecution. See *Cloon* v. *Gerry,* 13 Gray, 201, 202; *Desmond* v. *Fawcett,* 226 Mass. 100, 103; *Wingersky* v. *E. E. Gray Co.* 254 Mass. 198, 201–202. But this court has never said that the defendant charged with crime in a District Court is in the dilemma of exercising his right to testify in his own defence at the peril of renouncing another right at a later trial to impeach the conviction for improper conduct of the complainant, and thus to demonstrate that the finding of guilt of the judge is entitled to no independent value. *Desmond* v. *Fawcett,* 226 Mass. 100, 112.

In the charge the judge instructed the jury on the larceny count that the finding of guilty conclusively established the fact that there was probable cause on the part of the defendant to believe the plaintiff guilty unless the conviction in the Municipal Court was obtained solely by the false testimony of the defendant.

This ruling was correct. At the trial there was no contention that there was false testimony by anyone other than the defendant. It will be noted that the declaration so alleged. If there was any material substantial issue of fact, such as whether McDonough testified, this was rightly left to the jury. The motion for a directed verdict on

count 1 and the defendant's requests for rulings numbered 5 and 6[1] were rightly denied.

3. The judge charged that the count for forgery stood in a different position because the Municipal Court lacked jurisdiction to find Della Jacova guilty of that statutory crime, the sentence for which could be for more than five years in State prison; that the most the Municipal Court could do would be to bind him over to the Superior Court on the finding of probable cause that he was guilty of the crime of forgery; that that conviction was not conclusive proof of the existence of probable cause for that prosecution; and that it was for the jury to determine whether the defendant did or did not have probable cause or act with malice.

The defendant excepted "to the court's instructions with respect to the law of forgery and its effect on the existence of the presumption of probable cause from the conviction in the Municipal Court." The charge as set forth above reveals no error.

The Municipal Court was without jurisdiction of the crime of forgery under G. L. c. 267, § 1, which provides a penalty of imprisonment in the State prison for not more than ten years or in jail for not more than two years. This is a felony because it permits a sentence to State prison. G. L. c. 274, § 1. Under G. L. c. 218, § 26 (as amended through St. 1964, c. 140), criminal jurisdiction of District Courts is restricted to misdemeanors (with exceptions now immaterial), to felonies punishable by imprisonment in State prison for not more than five years, and to "the crimes of forgery of a promissory note, or of an order for money or other property, and of uttering as true such a forged note or order, knowing the same to be forged, if in either case the sum of money or the value of the property named in such note or order does not exceed one hundred dollars." This statute does not apply to the facts in the case at bar.

---

[1] "5. If the jury finds that Detective McDonough gave testimony in the Municipal Court, then it must find for the defendant Widett. 6. In order to find for the plaintiff Della Jacova, the jury must find that the Municipal Court did not consider the testimony of the policeman McDonough or the admissions of the plaintiff Della Jacova in arriving at the guilty findings."

It is not sound to contend that conviction by a court without jurisdiction nevertheless conclusively establishes that there was probable cause for the prosecution. Nor can it be rightly argued that the plaintiff was tried for the common law crime of forgery. The complaint charges that the defendant (the plaintiff here) "did forge a certain record of entry to a certain safety deposit box card . . . with intent to injure and defraud, against the peace of . . . [the] Commonwealth and the form of the statute in such case made and provided." The statute must be G. L. c..267, § 1, printed reference to which is made on the outside of the original complaint.

The defendant theorizes that the plaintiff, when the defendant in the Municipal Court, should have been bound over to the grand jury. Assuming that if the Municipal Court judge had realized he lacked jurisdiction, he would have taken such action, the fact remains that he did not do so. In the case at bar the charge (above quoted) allowed the jury to consider the conviction in the Municipal Court on the issue of probable cause. This ruling gave the defendant all to which he was entitled. *Willis* v. *Gurry,* 331 Mass. 19, 22. See *Bacon* v. *Towne,* 4 Cush. 217, 236.

There was no error in denying the motion for a directed verdict on count 3.

4. In 1961 the plaintiff was convicted in Florida of the crime of receiving and concealing stolen property. A certified copy of that conviction was admitted in evidence during the cross-examination of the plaintiff. The plaintiff testified that he thought he had informed the defendant of this conviction. At the close of the evidence the defendant presented two requests for rulings on this subject: (1) Number 10, that the jury might consider the conviction as evidence of the plaintiff's character "so as to eliminate, mitigate or lessen his damages." (2) Number 11, that the jury might consider the conviction as a basis for finding that the defendant had probable cause for bringing the complaint. In his charge the judge told the jury that the Florida conviction was introduced for the purpose of affecting the plaintiff's

credibility as a witness, and that they were entitled to give it such weight on that point as they thought proper. The defendant excepted to the denial of requests numbered 10 and 11.

There was no error. Proof of specific acts of bad conduct was not admissible for the purposes claimed. *McIntire* v. *Levering,* 148 Mass. 546, 548. See *McCarty* v. *Coffin,* 157 Mass. 478, 479; *Miller* v. *Curtis,* 158 Mass. 127, 131; *Colburn* v. *Marble,* 196 Mass. 376, 380–381.

5. There was no abuse of discretion in the denial of the motion for new trial. In this connection a matter of significance is that the defendant did not testify at the trial and the judge instructed the jury in his charge that they might draw such inferences as they deemed proper, including the inference that the defendant's testimony would not be favorable to his own case.

*Exceptions overruled.*