COMMONWEALTH *vs.* SAMUEL COHEN & another.

Suffolk. October 22, 1919.— November 24, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence*, Of conviction, To affect credibility. *Witness*, Impeachment.

Under St. 1914, c. 406, amending St. 1913, c. 81, and R. L. c. 175, § 21, the conviction of a witness of a misdemeanor cannot be shown to affect his credibility as a witness more than five years after the conviction unless within that five years the witness again was convicted of a crime, although a subsequent conviction may have occurred more than five years after the earlier conviction and within five years before the time of his testimony which it is sought to impeach.

INDICTMENT, found and returned on January 11, 1919, in two counts described in the opinion.

In the Superior Court the defendants were tried before *Dana*, J., in January, 1919. Material evidence and exceptions saved by the defendants are described in the opinion. The defendants were found guilty, as stated in the opinion, and alleged exceptions.

The case was submitted on briefs.

*H. V. Callahan & J. F. Barry*, for the defendant.

*H. P. Fielding*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendants Cohen and Solomon, in January, 1919, were tried in the Superior Court on an indictment in two counts, the first charging them with breaking and entering a building in the night time with intent to commit larceny and that

they did steal certain property described in the indictment and the second charging them with receiving stolen goods knowing them to be stolen. The jury returned a verdict of guilty against Cohen on the first count and against Solomon on the second count.

At the trial the defendant Solomon "testified to material evidence in behalf of himself and the defendant Cohen which was offered by the defence for the purpose of establishing their innocence." During the cross-examination of the defendant Solomon the assistant district attorney offered, and the judge admitted, two records of his conviction in the Superior Court, one dated September 18, 1918, for violating a regulation of the board of street commissioners of the city of Boston, and the other dated October 25, 1912, for keeping a house of ill fame. These records were admitted for the purpose of affecting his credibility as a witness. St. 1914, c. 406. The second record was admitted subject to the exception of the defendants.

The offence of keeping a house of ill fame is punishable by imprisonment for not more than two years. R. L. c. 212, § 19. A felony is defined by statute as follows: "A crime which is punishable by death or imprisonment in the State prison is a felony. All other crimes are misdemeanors." R. L. c. 215, § 1. The minimum term of imprisonment in the State prison is for not less than two and one half years. R. L. c. 220, § 20. It follows that the offence of keeping a house of ill fame is a misdemeanor. No question is raised as to the admissibility of the record of the conviction of September 18, 1918.

Under R. L. c. 175, § 21, it was provided that "The conviction of a witness of a crime may be shown to affect his credibility." Under this statute the conviction of a witness of any crime was admissible, whether it was of an offence which was a felony or a misdemeanor, and without reference to the time when such conviction occurred.

The Legislature by St. 1913, c. 81, amended the statute by striking out § 21 of R. L. c. 175, and inserting in place thereof a new section which provided in substance that the conviction of a witness of a felony might be shown (as formerly) to affect his credibility; but it also provided that the conviction of a witness of a misdemeanor should not be admissible to affect his credibility "unless the conviction was obtained within the period of

five years prior to the time of his testifying, or unless there has been a subsequent conviction of the witness within the period of five years prior to the time of his testifying."

St. 1914, c. 406, provided that St. 1913, c. 81, is further amended by striking out § 21 and inserting in place thereof the following: "Section 21. The conviction of a witness of a crime may be shown to affect his credibility; but the conviction of a witness of a misdemeanor, after the lapse of five years from the date of such conviction, and the conviction of a witness of a felony, after the lapse of fifteen years from the date of the expiration of his term of imprisonment therefor, shall not be shown to affect his credibility unless there has been a subsequent conviction of the witness within the above mentioned periods." See St. 1919, c. 268.

It is the contention of the Commonwealth that the concluding words of the statute, "unless there has been a subsequent conviction of the witness within the above mentioned periods," mean within a period of five years prior to the time of testifying, in the case of a conviction of a misdemeanor. The record in the case at bar would have been admissible under St. 1913, c. 81. But the law as it existed under that statute was materially changed by St. 1914, c. 406, which was made applicable not only to a witness who had been convicted of a misdemeanor, but to one who had been convicted of a felony.

It seems plain that the words "within the above mentioned periods" refer in case of misdemeanors to the period defined as "five years from the date of such conviction," and not to the period of five years from the time of testifying. We are of opinion that, construing the statute in the ordinary and usual sense of the language there found, the subsequent conviction must have occurred within five years from the date of the one sought to be introduced in evidence, to render the latter competent under the statute. The evident intention of the Legislature as expressed in the later statute was to declare that a record of the conviction of a witness of a misdemeanor should not be admissible to affect his credibility, if for five years thereafter his conduct was such that he had not been convicted of a crime.

As the second conviction did not occur within five years from the date of the first conviction in October, 1912, the record of the

latter was not admissible and should have been excluded. It results that the entry must be

*Exceptions sustained.*