WILLIAM M. MUNIZ *vs.* DAVID E. MEHLMAN, JUNIOR, & others.

Essex. March 7, 1951. — May 7, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & COUNIHAN, JJ.

*False Imprisonment. Arrest. Malicious Prosecution. Probable Cause. Practice, Civil,* Question of law or fact. *Motor Vehicle,* Operation. *Drunkenness. Evidence,* Presumptions and burden of proof.

In an action for false arrest or imprisonment, the burden of proving justification is on the defendant.

A verdict for the plaintiff in an action for false imprisonment against a police officer was warranted where it appeared that, while the plaintiff was operating an automobile in view of the defendant, he was stopped and examined by the defendant, who thereupon without a warrant arrested and "booked" him for drunkenness and operating under the influence of intoxicating liquor, and there was conflicting evidence on the issue whether in fact the plaintiff was committing such offences at the time of the arrest; reasonable belief by the defendant that the plaintiff was committing them was immaterial.

In an action for malicious prosecution, want of probable cause is an essential element of the plaintiff's case which he has the burden of proving.

On established or undisputed facts in an action for malicious prosecution, probable cause is a question of law.

In an action for malicious prosecution against a police officer who arrested the plaintiff and instituted complaints against him for drunkenness

and for operating an automobile under the influence of intoxicating liquor, evidence as to the plaintiff's manner of operating the automobile, his appearance, statements made by him, and an examination of him by a physician required a finding as matter of law that the defendant had probable cause to institute the prosecution for operating under the influence of intoxicating liquor, but warranted a finding that he did not have probable cause to institute the prosecution for drunkenness.

TORT. Writ in the Superior Court dated October 14, 1947.

The action was tried before *Hurley*, J.

*G. L. McDonald*, for the defendant Mehlman.

No argument nor brief for the plaintiff.

SPALDING, J. In this action of tort verdicts were directed for all of the defendants except David E. Mehlman, Junior, hereinafter called the defendant. The declaration contained three counts. The first count was for assault and false imprisonment, the second was for the malicious prosecution of a charge of drunkenness, and the third was for the malicious prosecution of a charge of operating a motor vehicle while under the influence of intoxicating liquor. The jury returned verdicts for the plaintiff on all counts, and the case is here on the defendant's exceptions to the denial of his motion for a directed verdict on each count.

The following is a summary of the pertinent evidence: On August 13 and 14, 1947, when the events occurred which gave rise to this action, the plaintiff and the defendant were police officers of the city of Gloucester. Both had been on the force for many years. About eleven o'clock on the night of August 13 the plaintiff, having finished an assignment "on a private police job," left the police station to go home, arriving there around midnight. He had been without sleep for approximately twenty-four hours and he felt and looked tired. The plaintiff testified that soon after he arrived home he drank three quarters of a twelve ounce bottle of ale, but had nothing else to drink. Shortly thereafter he got into his automobile and drove to a restaurant where he purchased a box of clams. He stayed there about fifteen minutes. About one o'clock he started toward home

in his automobile, driving slowly. As he proceeded he drove at times with one hand while he reached into the box now and then to get a clam to eat. He noticed that his automobile was weaving on the road due to the facts that the road was rough and the king pins were loose. The road was described as having many depressions and holes and the plaintiff was trying to avoid them as he drove. As he was driving along in this manner a police car, in which were the defendant and another officer, drove up. According to the plaintiff the defendant said, "Pull over there. This car is all over the road." The plaintiff complied with this order and, after an exchange of remarks as to whether the plaintiff's condition would warrant his operation of the automobile, the plaintiff under orders from the defendant got into the police car and was driven to the police station.

Upon arrival at the police station the plaintiff was brought before a captain and a sergeant who were then on duty. The defendant complained to the captain that he had found the plaintiff "all over the road" and said, "I want you to look him over. I intend to book him for drunkenness and operating under the influence of liquor." Apparently in an attempt to convince the captain that he was neither drunk nor under the influence of liquor the plaintiff walked back and forth in the presence of all three officers, but it does not appear how he walked. The captain left to the defendant the decision as to whether the plaintiff should be "booked." The plaintiff was "booked" at 1:17 A.M. at the defendant's request. Before he was "booked" he mentioned that the king pins of his automobile were loose.

Approximately an hour later in the presence of the defendant the plaintiff was examined by a physician who gave him various tests to determine whether he was intoxicated or under the influence of liquor, but it does not appear what was revealed by these tests. The plaintiff admitted that he had had a "couple of glasses of ale." The physician made notes of his observations and gave them to the police officers. Neither the notes nor their contents were made part of the record. The defendant, however, testified that the plaintiff

"walked a line all right for . . . [the doctor]; [and] that
. . . [he, the defendant,] wasn't interested in the doctor's
report." At the conclusion of the examination the plaintiff
requested the doctor to state what was "wrong" with him
but the doctor refused to do so saying, "I don't want to say
at this time. . . . I'll let you know later." For aught that
appears the doctor did not express his opinion to anyone
until the trial of the present action, at which time he testi-
fied that the plaintiff performed all the tests "as a normal
person" and that in his opinion the plaintiff was sober.
The foregoing is a summary of the evidence known to the
defendant at the time of the arrest and the making of the
complaint, and most of it came from the plaintiff.

On the morning of August 14, several hours after the
arrest, the defendant "swore out" complaints against the
plaintiff in the District Court charging drunkenness and
operating an automobile while under the influence of in-
toxicating liquor. The plaintiff was tried on these complaints
and on conflicting evidence was found not guilty.

There was no error in submitting the case to the jury on
count 1 for assault and false imprisonment. Plainly, on the
evidence recited above, the plaintiff was arrested by the
defendant and no contention is made to the contrary. See
*Thompson* v. *Boston Publishing Co.* 285 Mass. 344, 349. In
an action for an illegal arrest or imprisonment the burden is
on the defendant to prove justification. *Bassett* v. *Porter*,
10 Cush. 418, 420. *Jackson* v. *Knowlton*, 173 Mass. 94, 95.
*Roseman* v. *Korb*, 311 Mass. 75, 77. When a peace officer
without a warrant arrests a person for a felony he need not
show that a felony has actually been committed; it is
enough if he believes upon reasonable cause that such person
has committed a felony. *Rohan* v. *Sawin*, 5 Cush. 281, 285,
287. *Commonwealth* v. *Carey*, 12 Cush. 246, 251. *Common-
wealth* v. *Phelps*, 209 Mass. 396, 404. *Wax* v. *McGrath*, 255
Mass. 340, 343–344. But the crimes involved here (drunken-
ness and operating an automobile while under the influence
of intoxicating liquor) are misdemeanors. G. L. (Ter. Ed.)
c. 274, § 1; c. 90, § 24, as amended; c. 272, § 48; c. 279,

§ 24. See *Commonwealth* v. *Cohen*, 234 Mass. 76, 77. "A peace officer, in the absence of statute . . . may arrest without a warrant for a misdemeanor which (1) involves a breach of the peace, (2) is committed in the presence or view of the officer . . . and (3) is still continuing at the time of the arrest or only interrupted, so that the offence and the arrest form parts of one transaction." *Commonwealth* v. *Gorman*, 288 Mass. 294, 297. In the *Gorman* case it was held that the operation of an automobile while under the influence of intoxicating liquor (G. L. [Ter. Ed.] c. 90, § 24) was an offence involving a breach of the peace in that such a breach would be likely to follow unless the offender was restrained, and that an officer was justified in arresting without a warrant a person whom he saw in the act of committing it. The right of an officer to arrest without a warrant for the crime of drunkenness is expressly conferred by G. L. (Ter. Ed.) c. 272, § 44.

Thus the defendant here, a peace officer, had the right without a warrant to arrest the plaintiff if he was drunk or if he was operating his automobile while under the influence of intoxicating liquor. But the right to make such an arrest for either of these offences exists if, and only if, the person arrested was actually committing the offence for which he was arrested. The law on this point is settled in cases involving arrests for drunkenness pursuant to the above mentioned statute. *Phillips* v. *Fadden*, 125 Mass. 198, 202. *Commonwealth* v. *Cheney*, 141 Mass. 102, 103. *Eldredge* v. *Mitchell*, 214 Mass. 480, 482. And the rule is the same with respect to arrests without a warrant for breaches of the peace. In general the right of a peace officer to make an arrest for a breach of the peace committed in his presence is no greater than the right of a private citizen. See *Look* v. *Dean*, 108 Mass. 116, 120; *Carroll* v. *United States*, 267 U. S. 132, 157; Wilgus, Arrest Without a Warrant, 22 Mich. L. Rev. 673; Restatement, Torts, §§ 119 (c), 121 (a), comment e. In comment o of § 119 it is said, "To create the privilege to arrest another [for a breach of the peace committed in the presence of the actor],

it is not enough that the actor — whether a private person or a peace officer — reasonably suspects that the other is committing a breach of the peace . . . [subject to certain exceptions not here material]. If in fact no breach of the peace has been committed, a mistaken belief on the part of the actor, whether induced by a mistake of law or of fact and however reasonable, that a breach of the peace has been committed by the other, does not confer a privilege to arrest." Our decisions are not at variance with the rule just stated. *Commonwealth* v. *McLaughlin*, 12 Cush. 615, 618. *Commonwealth* v. *Ruggles*, 6 Allen, 588, 590. *Commonwealth* v. *Gorman*, 288 Mass. 294, 297. *McDermott* v. *W. T. Grant Co.* 313 Mass. 736, 738.

The evidence here was conflicting on the issue of justification. On the testimony of the defendant the arrest was justified. But on the plaintiff's version of what happened it could have been found that at the time of his arrest he was not in fact committing either of the offences for which he was arrested. We are not to be understood as intimating that the defendant had no right in the circumstances existing here to order the plaintiff to stop and to detain him long enough to make a reasonable examination concerning his fitness to operate his automobile. See G. L. (Ter. Ed.) c. 90, § 25; *Commonwealth* v. *Sullivan*, 311 Mass. 177. Even on the plaintiff's story the defendant had probable cause to make the investigation which he made. But when he went farther and arrested the plaintiff he was required to justify his act by showing that the plaintiff had in fact committed the offences for which he was arrested. That was a question of fact and was properly left to the jury.

The second and third counts, as stated above, were for malicious prosecution arising out of complaints charging the plaintiff respectively with the offences of drunkenness and of operating an automobile while under the influence of intoxicating liquor. In cases of this class want of probable cause is the essential ground of the action and the plaintiff has the burden of proof on this issue. *Stone* v. *Crocker*, 24 Pick. 81, 84. *Keefe* v. *Johnson*, 304 Mass. 572,

577. *Broussard* v. *Great Atlantic & Pacific Tea Co.* 324 Mass. 323, 326. "This must be affirmatively proved, and may not be inferred from the existence of malice . . . or from the fact of acquittal or anything else." *Higgins* v. *Pratt,* 316 Mass. 700, 709. It has been said that probable cause is "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested is guilty." *Bacon* v. *Towne,* 4 Cush. 217, 238–239. The defendant's conduct must be judged by his honest and reasonable belief at the time he instituted the complaint rather than by what may turn out later to have been the actual state of things.[1] *Keefe* v. *Johnson,* 304 Mass. 572, 577. *Higgins* v. *Pratt,* 316 Mass. 700, 709. When the facts are fully established or undisputed, probable cause becomes a question of law. *Casavan* v. *Sage,* 201 Mass. 547, 553. *Bannon* v. *Auger,* 262 Mass. 427, 435. *Keefe* v. *Johnson,* 304 Mass. 572, 577.

In the light of these principles we are of opinion that the third count ought not to have been submitted to the jury. The essential facts as to what the defendant knew at the time of the making of the complaint on which this count is based were undisputed and presented a question of law whether the defendant had probable cause for instituting a prosecution on this complaint. On the plaintiff's own story his automobile was weaving from one part of the road to the other just prior to his arrest. And due to not having slept for twenty-four hours he looked tired. Moreover, he admitted having consumed most of a bottle of ale shortly before his arrest. The defendant might very well have concluded that he had consumed more. To be sure, the

---

[1] It is important to keep this distinction in mind. For example, in the present case there was evidence in the court below tending to prove that the plaintiff did not in fact commit the offences for which complaints were brought, and there was also evidence that he did. But the question was not whether he was in fact guilty but whether the defendant had probable cause to believe that he was. In the count for false imprisonment the issue was just the reverse. There, since the arrests were for misdemeanors, the issue was not that of probable cause but whether the plaintiff had in fact committed the offences for which he was arrested.

plaintiff told the defendant that his irregular driving was due to the faulty mechanical condition of his automobile, but this story might not have seemed convincing to the defendant. We think the defendant had probable cause. His "duty . . . [was] not to ascertain whether there . . . [was] a defence, but whether there . . . [was] reasonable and probable cause for a prosecution." *Herniman* v. *Smith*, [1938] A. C. 305, 319.

The second count was rightly submitted to the jury. It does not follow that, because the defendant had probable cause to prosecute the plaintiff on the charge of operating an automobile while under the influence of intoxicating liquor, he also had adequate cause to prosecute him on a charge of drunkenness. One could be guilty of committing the former offence without being guilty of the latter. *Commonwealth* v. *Lyseth*, 250 Mass. 555, 558. The state of the evidence as to whether there was probable cause for prosecuting the complaint for drunkenness was such that this issue was rightly left to the jury.

The defendant's exceptions are sustained. The verdicts for the plaintiff on the first and second counts are to stand. The verdict for the plaintiff on the third count is set aside and judgment is to be entered for the defendant on that count.

*So ordered.*