RICHARD SEELIG *vs.* HARVARD COOPERATIVE SOCIETY.

Middlesex.    March 13, 1973. — June 7, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Malicious Prosecution.    Probable Cause.    Evidence,* Admissions and confessions.    *Law or Fact.*

In an action for malicious prosecution of the plaintiff upon a charge of larceny of which he was acquitted, a verdict for the defendant should have been ordered in that probable cause for the prosecution was established as matter of law where it appeared that in instituting and conducting the prosecution an agent of the defendant reasonably relied on a written confession of the larceny by the plaintiff which the plaintiff did not dispute was genuine and voluntarily and intelligently given. [343-347]

TORT.    Writ in the Superior Court dated October 22, 1964.

---

Following the decision of the Supreme Judicial Court reported in 355 Mass. 532, a second trial of the action was before *Chmielinski, J.* The defendant alleged exceptions. The action was transferred to this court by the Supreme Judicial Court.

*Charles J. O'Malley* for the defendant.

*John F. Keenan* for the plaintiff.

HALE, C.J.    In this action of tort the plaintiff's declaration is in three counts, one each for malicious prosecution, libel, and slander. The libel count was waived in open court during the first trial of this case. The case was first tried before a Superior Court judge and jury and resulted in verdicts for the plaintiff on the counts for malicious prosecution and for slander. The Supreme Judicial Court, in sustaining the defendant's exceptions, ruled that the trial judge erred in excluding from evidence a typewritten confession made by the plaintiff on July 8, 1964, before the criminal complaints were signed. *Seelig* v. *Harvard Cooperative Soc.* 355 Mass. 532, 540. The case was tried again before a judge and jury of the Superior Court and resulted in a verdict for the plaintiff on the malicious prosecution count and a verdict for the defendant on the slander count. The defendant's exceptions to the denial of its motion for a directed verdict on the count for malicious prosecution and to the exclusion of certain evidence were entered in the Supreme Judicial Court and transferred to this court pursuant to G. L. c. 211A, § 12.

The single matter before this court is the effect to be given to the plaintiff's typewritten confession which was admitted in evidence at the new trial of this case as a result of the decision of the Supreme Judicial Court. Apart from the confession, the evidence at the second trial was substantially the same as that in the first trial which is summarized in the earlier opinion at 355 Mass. 534-536. Accordingly, we summarize, in the light most favorable to the plaintiff, so much of the evidence at the new trial as relates to the confession.

On July 7, 1964, the plaintiff was arrested at his home by

one Leo Davenport,[1] a part-time employee of the defendant and a detective-sergeant in the Cambridge police department. Davenport was accompanied by one Paul Cloran, a Cambridge police detective. The plaintiff was taken to the Cambridge police headquarters, where certain photographic equipment seized by Davenport and Cloran pursuant to a search warrant was separated into two piles consisting of the defendant's property and that of the plaintiff. The plaintiff was detained overnight and brought to the same room the next morning where, with the assistance of Cloran, he typed out the statement[2] with which we are concerned in this opinion.

After signing the statement the plaintiff was taken to the Third District Court of Eastern Middlesex by Davenport and Cloran where Davenport signed two complaints. One charged the plaintiff with larceny of a Rollie Mutar lens and the other with larceny of an Argus camera (see fn. 2). At no time did any of the defendant's employees tell Davenport not to initiate proceedings against the plaintiff. Davenport prosecuted the complaints and the plaintiff was found not guilty on each.

The defendant argues that its motion for a directed verdict should have been granted because, as matter of law, the plaintiff did not establish that the defendant acted without probable cause in the institution of the criminal complaints. Our review of this contention is limited to a consideration of whether there was any evidence, viewed in

---

[1] There is no dispute that the defendant was legally responsible for Davenport's acts. See *Seelig* v. *Harvard Cooperative Soc., supra,* at 536-537.

[2] The statement reads in pertinent part: "I Richard N. Seelig . . . ordered a Rollie Mutar lens set. I took one of the lenses home without permission . . . . Upon my termination I did not return said lens. . . . I ordered this lens on 11-20-63 under the name of Bill Grime . . . who is an acquaintance of mine. I intended to keep this for my own use.

"Last May Bill Grime came into the store and I gave him an Argus camera . . . a Metz Strobe . . . and a Weston light meter . . . . I gave this to him without permission of the Management or other employees of the Harvard Coop. . . . Upon my termination I did not make any effort to return the above articles.

"Upon other occasions I have taken other photo equipment with and without permission. Minolta camera and accessories . . . 2 Accessorie [*sic*] lenses . . . Bewi light meter . . . Rollie camera . . . ."

the light most favorable to the plaintiff, that would support his cause of action. *Howes* v. *Kelman,* 326 Mass. 696-697.

Malicious prosecution is an action which tends to dilute the public policy of encouraging persons having knowledge of possible crimes to coöperate with public officers. *Cloon* v. *Gerry,* 13 Gray 201, 202. *Della Jacova* v. *Widett,* 355 Mass. 266, 272. Prosser, Torts (4th ed.) § 119. See Green, Judge and Jury (1930) pp. 338-339. An essential element of the tort of malicious prosecution is the absence of probable cause. The burden of proof on this issue is placed firmly on the plaintiff. *Cloon* v. *Gerry,* 13 Gray 201, 202. *Desmond* v. *Fawcett,* 226 Mass. 100, 103. *Della Jacova* v. *Widett,* 355 Mass. 266, 268. See Prosser, Torts (4th ed.) § 119; Restatement: Torts, § 672 (1). As applied to malicious prosecution cases, the definition of probable cause has not enjoyed a consistent history. Both subjective[3] and objective[4] tests have been applied. Our law seems now to adhere to the objective test of probable cause. See *Higgins* v. *Pratt,* 316 Mass. 700, 709; *Smith* v. *Eliot Savings Bank,* 355 Mass. 543, 548; *Coblyn* v. *Kennedy's Inc.* 359 Mass. 319, 326 (same probable cause standard applied to false arrest under G. L. c. 231, § 94B). Under this test the question is "not whether he was in fact guilty but whether the defendant had probable cause to believe that he was." *Muniz* v. *Mehlman,* 327 Mass. 353, 359, fn. 1.

The question for decision is whether, under the facts of this case, the determination of probable cause was one for the court rather than for the jury. When the facts are disputed the question whether or not there was probable cause is a question for the jury. In the absence of a factual conflict the question is one for the court. *Cloon* v. *Gerry,*

---

[3] "Belief by the defendant in the guilt of the plaintiff has been held to be a necessary part of probable cause." *Keefe* v. *Johnson,* 304 Mass. 572, 579. "The jury could find that neither defendant entertained such belief." *Pihl* v. *Morris,* 319 Mass. 577, 580.

[4] "[P]robable cause is 'such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested is guilty.' " *Muniz* v. *Mehlman,* 327 Mass. 353, 359, quoting *Bacon* v. *Towne,* 4 Cush. 217, 238-239.

*supra,* at 203. See *Sartwell* v. *Parker,* 141 Mass. 405, 406; *Casavan* v. *Sage,* 201 Mass. 547, 553; *Bannon* v. *Auger,* 262 Mass. 427, 435; *Willis* v. *Gurry,* 331 Mass. 19, 21-22; Harper & James, Torts, § 4.5; Prosser, Torts (4th ed.) § 119. Inherent in this broad principle is a distribution of functions between judge and jury which distinguishes malicious prosecution actions from other torts. In malicious prosecution actions, unlike other tort actions, a role is reserved for the court, in certain cases, for a determination whether the defendant's conduct measured up to the standard of a reasonable man. Restatement: Torts, § 673, Comment d.

It is undisputed that on July 8, 1964, after the defendant had been detained overnight at the Cambridge police station, he typed a written statement with the assistance of Detective Cloran.[5] If that writing was genuine it constituted a confession of the plaintiff's guilt of the offenses for which the prosecution was later commenced. The fact of such a writing, signed by the plaintiff in the presence of two witnesses, is not disputed. The plaintiff now insists that the trustworthiness of that confession was put in dispute at the trial. He bases this assertion on his testimony that the statements in the confession were what Cloran "told me to write." In our opinion this evidence did not afford a basis for more than conjecture that the confession was involuntarily or unintelligently made. The only reasonable inference that can be drawn from the evidence on this point is that Cloran dictated certain language for the plaintiff to type in the confession. The plaintiff did not present any evidence that Cloran or any other police officer coerced or otherwise acted improperly to taint the confession.[6]

---

[5] This is the statement which was excluded from evidence at the first trial of this case. The Supreme Judicial Court held that "the statement was [not] involuntarily made or coerced. It is not 'inherently untrustworthy.' . . . its exclusion was prejudicial error." *Seelig* v. *Harvard Cooperative Soc.* 355 Mass. 532, 540. Our treatment of the trustworthiness of this confession is not governed by the exclusionary rules applicable to criminal trials. See 355 Mass. at 540.

[6] There is an additional reason why the plaintiff's allegation regarding the making of the confession does not create a jury question on the issue of probable cause. There is no evidence that Davenport was present at the taking of the confession or was aware of the circumstances attending it. It would be sheer speculation to infer that Davenport knew of this alleged irregularity at the time he

We turn to the question whether the confession, the making of which is undisputed in all material respects, required a directed verdict for the defendant because probable cause existed as matter of law. A negative answer to this proposition is suggested by the general rule, already mentioned, that a dispute as to the facts on which probable cause may be found requires a jury determination and precludes a directed verdict for the defendant. However, in malicious prosecution cases well grounded exceptions to this broad rule have been developed. One is that a defendant who honestly and in good faith seeks, receives, and follows the advice of counsel in bringing a criminal prosecution is said to have probable cause as matter of law. See *Boylen* v. *Tracy,* 254 Mass. 105, 108; *Higgins* v. *Pratt,* 316 Mass. 700, 709-711. The defense of advice of counsel in such circumstances requires a directed verdict for the defendant despite the presence of a factual controversy on other matters relating to the issue of probable cause. A further exception is found in the instance where a dispute upon which a pending criminal complaint is based has been settled. In such a case a finding that the defendant has acted with probable cause is required as matter of law. *Bannon* v. *Auger,* 262 Mass. 427, 435-436. See *Sartwell* v. *Parker,* 141 Mass. 405, 406. The advice of counsel and the compromise of a dispute are instances in which the threshold inquiry into probable cause devolves solely on the court, provided, of course, that the underlying facts are undisputed.

The present confession should be similarly treated as a complete defense. There is no factual dispute relative to the authenticity of the confession. The plaintiff does not dispute that the confession was voluntarily and intelligently made, nor does it appear from the evidence that the plaintiff disputed the genuineness of the confession

brought the criminal complaints against the plaintiff. Since Cloran was not in the defendant's employ, or otherwise its agent, the defendant cannot be held responsible for his acts. Therefore, in the absence of any evidence that Davenport knew of the alleged infirmity in this confession, the material facts related to the confession remain undisputed.

Seelig *v.* Harvard Cooperative Society.

with any of the defendant's agents, or with any other person. Thus Davenport, who was not present when the confession was made, could reasonably rely on its genuineness and properly bring the criminal complaints against the plaintiff. We say this despite the existence of other disputed facts on the issue of probable cause, for we treat this confession as relieving Davenport (and thus the other agents of the defendant) of the obligation of sifting and evaluating other possibly exculpatory evidence which was unrelated to the making of the confession.

Our holding has strong support in the decisions of other jurisdictions. See *Stueber* v. *Admiral Corp.* 185 F. 2d 10 (7th Cir.) (complainant acted in part on information from the police that the plaintiff had signed an inculpatory statement); *Godwin* v. *Gibson's Products Co. of Albany, Inc.* 121 Ga. App. 59 (same standard for probable cause applied to oral and written confession in an action for false imprisonment); *Rawls* v. *Bennett,* 221 N. C. 127, 129 (judicial admissions in a prior action constituted basis for probable cause — "In a very real sense, then, it may be said the plaintiff was the author of the indictment. At least, he furnished 'probable cause' for it."); *Tucker* v. *Vornbrock,* 270 Ky. 712, 716-717 (confession in action for false arrest and imprisonment); *Truman* v. *Fidelity & Casualty Co.* 146 W. Va. 707, 727 (written confession — "It would be unwise, unreasonable and dangerous for the courts not to afford protection to anybody who might initiate in good faith a criminal prosecution based upon such an apparently genuine confession in writing . . ..''). We hold as matter of law that the evidence was insufficient to warrant a finding of lack of probable cause.

In view of our conclusion it becomes unnecessary to consider the remaining grounds of error which have been urged by the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*