JAMES B. MORREALE vs. KAREN DeZOTELL.[1]

Middlesex.   March 18, 1980. — July 17, 1980.

Present: BROWN, DREBEN, & KASS, JJ.

*Malicious Prosecution.   Probable Cause.   Practice, Civil,* Judgment not-
withstanding verdict.

In an action for malicious prosecution, undisputed evidence that the de-
fendant's twelve year old son told her, and later the police, that the
plaintiff punched him and that the defendant saw bruises on her son's
chest sufficient, in her opinion, to require hospital care, required a
finding as matter of law that the defendant acted with probable cause
in prosecuting the plaintiff on a charge of assault and battery.
[282-283]

CIVIL ACTION commenced in the Superior Court on No-
vember 5, 1975.

After transfer to the District Court of Newton and re-
transfer to the Superior Court, the case was tried before
*Mitchell, J.*

*Thomas J. Casey* for the plaintiff.
*James R. Burke* for the defendant.

DREBEN, J.   In this action for malicious prosecution of the
plaintiff by the defendant on a charge that the plaintiff
committed an assault and battery upon the defendant's
twelve year old son, the jury found for the plaintiff.   The
judge, on the defendant's motion, entered a judgment for
the defendant notwithstanding the verdict.   We affirm.

The sole question before us is whether the issue of want of
probable cause on the part of the defendant in the circum-
stances of this case was a question for the jury.   The plaintiff

---

[1] Robert MacLellan, the son of Karen DeZotell, was originally named
as a defendant.   A directed verdict was entered for MacLellan, but no
claim is here made with respect to that action.

concedes that the essence of an action of tort for malicious prosecution is a "want of probable cause" on the part of the defendant and that the burden of proof on this issue is on the plaintiff. *Stone* v. *Crocker*, 24 Pick. 81, 84 (1832). *Lincoln* v. *Shea*, 361 Mass. 1, 4 (1972), and cases cited. He argues that a determination of the defendant's state of mind must be made, and that this is a question of fact for the jury.

The need for a finding that the defendant acted reasonably does not establish that there is a question for the jury in every malicious prosecution case. *Stone* v. *Crocker*, 24 Pick. at 85. *Muniz* v. *Mehlman*, 327 Mass. 353, 359 (1951). *Lincoln* v. *Shea*, 361 Mass. at 5-6. See *Seelig* v. *Harvard Coop. Soc.*, 1 Mass. App. Ct. 341, 344 (1973); Restatement (Second) Torts § 673, Comment on cls. (b) and (c) (1977). A ruling that a defendant acted with probable cause in a prosecution of the plaintiff would be required, if, on undisputed evidence: one, a person "of ordinary caution and prudence, whether a police officer or not, knowing and seeing what the defendant knew and saw, would reasonably believe, or would entertain an honest and strong suspicion," that the plaintiff has committed a crime; and two, the "defendant's actions and conduct indicate that [the defendant] believed this to be the case, and there is no evidence to permit a decision to the contrary." *Lincoln* v. *Shea*, 361 Mass. at 5-6. "What facts and circumstances amount to probable cause is a pure question of law." *Stone* v. *Crocker*, 24 Pick. at 84-85.

Whether there is an issue for the jury in malicious prosecution cases depends on whether the facts which would amount to probable cause are in controversy. In the present case, there are undisputed facts which require a ruling that there was no want of probable cause in the defendant's prosecution of the plaintiff. The plaintiff's version of the dispute was that the defendant's son Robert had accused the plaintiff's son of damaging Robert's brother's bike and that the plaintiff refused to do anything about it. Robert screamed and cried, and the plaintiff "escorted him off" the plaintiff's property. The plaintiff testified that Robert then accused the plaintiff of punching him and that shortly thereafter

police appeared at his house making the same allegation. Hospital records introduced in evidence indicated Robert was brought to the Newton Wellesley Hospital by his mother on the night of the incident showing "contusion of chest."

Whether the plaintiff actually punched Robert in the chest is not material to this action, and the conflict in testimony as to that fact does not create a jury question. "The defendant's conduct must be judged by [her] honest and reasonable belief at the time [she] instituted the complaint rather than by what may turn out later to have been the actual state of things." *Muniz* v. *Mehlman*, 327 Mass. at 359.

We think that the undisputed evidence in this case required a ruling in favor of the defendant. Acting as a parent of ordinary caution and prudence, having heard her twelve year old son's accusation which he repeated to the police, and having seen bruises on his chest sufficient, in her opinion, to require hospital care, she had reason to believe that the plaintiff had battered her son. Her actions and conduct indicated that she believed this to be the case, and there was no evidence to warrant a finding to the contrary. "Therefore, as a matter of law, the evidence was not sufficient to permit a finding that the defendant acted without probable cause in prosecuting the plaintiff." *Lincoln* v. *Shea*, 361 Mass. at 6. *Muniz* v. *Mehlman*, 327 Mass. at 359-360 (count 3), contrast at 360 (count 2).

*Judgment affirmed.*