Bohn, J.
On November 26, 1997, the plaintiff, Kaveh L. Afrasiabi (“Mr. Afrasiabi”), filed this action against the defendant, John Rooney (“Mr. Rooney"), incorporating one count of defamation, one count of malicious prosecution, and one count of negligent infliction of emotional distress.[2] This matter is before the court on the defendant’s motion for summary judgment pursuant to Mass.R.Civ.P. Rule 56(c) on the grounds that the evidence does not support the essential elements of the plaintiffs claims. For the reasons set forth below, the defendant’s motion for summary judgment will be ALLOWED.
BACKGROUND
Viewing the facts in the light most favorable to the plaintiff party, the undisputed facts are as follows: On January 17, 1996, the plaintiff, Mr. Afrasiabi, was arrested pursuant to a warrant obtained upon the criminal complaint of Detective Richard Mederos, Harvard University Police (“Harvard”). As the result of that complaint, Mr. Afrasiabi was charged with extortion, larceny by scheme, and death threats, charges which he denies. His arrest arose from complaints received and investigated by Harvard police that two members of the Harvard community, an editor of a journal of Middle Eastern studies and his assistant, had received threats and extortion demands from an individual initially identified as Mr. Afrasiabi. When one of the complainants could not positively identify him as the alleged perpetrator, the Middlesex District Attorney’s office entered a Nolle Prosequi as to all charges against Mr. Afrasiabi.
The present case alleges that the defendant, among others, had defamed and maliciously prosecuted the plaintiff. Specifically, in his complaint, Mr. Afrasiabi alleges in Paragraph 16 that Mr. Rooney, a lieutenant with the Harvard University Police Department who had supervisory responsibilities for the investigation of the complaints, defamed him when a statement made by Mr. Rooney was quoted in a newspaper article published in the Harvard Crimson on or about January 19, 1996. That statement suggested that Mr. Afrasiabi had a criminal history of “subverting police.”[3] Mr. Afrasiabi further alleges that Mr. Rooney was one of several individuals who instituted prosecution on the basis of false charges of criminal acts which they should have known, based on the evidence, he did not commit.
Discussion
This court grants summary judgment when there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Casseso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial can demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unable to submit proof of the element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., supra at 809. The court must consider all admissible evidence as contained in “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,” to determine if summary judgment is appropriate. Id. at 808, 817; Mass.R.Civ.P. 56(c). Once the moving party demonstrates the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17. The nonmoving party may not rest on its pleadings or assertions of personal belief to establish that a fact is in dispute. Flesner v. Technical Commu *655 nications Corp., supra at 818; Pederson v. Time, Inc., supra at 17. Allegations made by a party in its unverified complaint are to be given no evidentiary weight by the court. Godbout v. Cousens, 396 Mass. 254, 262-63 (1985).
I. Count I: Defamation
Summary judgment is favored in causes of action for defamation. Mulgrew v. Taunton, 410 Mass. 631, 632 (1991), citing King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987), cert. denied, 485 U.S. 940 and 485 U.S. 962 (1988), and New England Tractor-Trailer Training of Conn., Inc. v. Globe Newspaper Co., 395 Mass. 471, 480 (1985). Granting summary judgment avoids the litigation of meritless cases and the potentially chilling effect on freedom of expression. Dulgarian v. Stone, 420 Mass. 843, 846-47 (1995), citing King v. Globe Newspaper, 400 Mass. at 708.
Speech is defamatory when it is a published communication about an individual which ridicules or treats the plaintiff with contempt. Correllas v. Viveiros, 410 Mass. 314, 319 (1991). The statements in question must be of such a nature that they discredit “the plaintiff in the minds of any considerable and respectable class of the community.” King v. Globe Newspaper Co., supra at 718. The plaintiff bears the burden of proving that (1) the defendant made a specific statement; (2) the statement was defamatory; (3) the statement was false; (4) the statement was published to someone other than the plaintiff; (5) the defendant was negligent in publishing the statement; and (6) the plaintiff suffered actual damages as a direct and proximate result of the defamatory communication. Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 854, 858 (1975); Nolan, 37 Massachusetts Practice §§128, 129.
To survive a motion for summary judgment, a plaintiff must establish the existence of genuine issues of material fact by pointing to such facts in his pleadings, affidavits, interrogatories, or depositions. Madsen v. Irwin, 395 Mass. 715, 719 (1985); Mass.R.Civ.P. 56(e). Rule 56(e) requires that affidavits used to support or oppose a summary judgment motion must be made on personal knowledge, the facts set forth must be admissible in evidence, and the affiant of such facts must be competent to testify to them. Id. As noted supra, when the party moving for summary judgment does not bear the burden of proof at trial, he must at least demonstrate that there is an absence of admissible evidence supporting the non-moving parly’s claim. Flesner v. Technical Communications Corp., supra at 817; Kourouvacilis v. General Motors Corp., supra at 715-16.
Furthermore, when the only evidence supporting a party’s claim is inadmissible hearsay, the party’s claim will not survive summary judgment. Flesner v. Technical Communications Corp., supra at 817; Madsen v. Irwin, supra at 719; Mass.R.Civ.P. 56(e). Likewise, unsupported statements of belief are insufficient to withstand a summary judgment motion. Flesner v. Technical Communications Corp., supra at 818.
In the present case, the defendant, Mr. Rooney, argues that summary judgment must be granted on the count for defamation because the only evidence offered by Mr. Afrasiabi to support this claim is the newspaper article from the Harvard Crimson, dated on or about January 19, 1996. See Fitzgerald v. Town of Kingston, 13 F.Sup.2d 119, 127 (D.Mass). Mr. Afrasiabi included a photocopy of this article in his unverified complaint, filed with the court on or about November 26, 1997. See Godbout v. Cousens, supra at 262-63. In his opposition to the defendant’s motion for summary judgment, Mr. Afrasiabi again relies on the photocopy of the article in question wherein Mr. Rooney is quoted by the reporter, but provides no affidavit or other potentially admissible evidence to support his position. He further relies on a statement made in Mr. Rooney’s deposition that Mr. Rooney received “a phone call to my office by a representative of the Crimson. It was to the Harvard police station on my line. Exactly what date that was, I don’t recall.” This deposition, however, does not establish that Mr. Rooney made the comments attributed to him by the Harvard Crimson reporter. See Fitzgerald v. Town of Kingston, supra at 125-26.
Beyond his reference to the deposition, Mr. Afrasiabi has provided no evidence, other than the newspaper article, to support his claim of defamation. See Whirty v. Lynch, 27 Mass.App.Ct. 498, 500 (1989). In the present case, that newspaper article is inadmissible hearsay on two grounds: First, it is an out-of-court statement being offered for the truth of the matter asserted, see Commonwealth v. Keizer, 377 Mass. 264, 269 n.4 (1979); and second, it contains multiple levels of hearsay, each layer of which must be independently admissible. See Commonwealth v. McDonough, 400 Mass. 639, 643 (1987). Although it is true that, under the operative words doctrine, a newspaper article may be otherwise admissible as a non-hearsay statement when the words are offered as the basis of the cause of action, see Massachusetts Evidence §8.25 (6th ed. 1994 & Supp. 1999), in the present case, the article in question was written by a reporter who is not a pariy. For that reason, the operative words doctrine does not apply.
Mr. Afrasiabi argues that it is the words of Mr. Rooney as reported by the reporter which constitute the basis for the defamation action, and he seeks to hold Mr. Rooney, not the reporter, liable for this statement, compare to Stone v. Essex County Newspapers, Inc., 367 Mass. 849 (1975); however, the reporter’s attribution of statements to Mr. Rooney cannot be determined to be accurate or even challenged on the basis on the summary judgment record before the court. See Massachusetts Evidence, supra at §8.1. Mr. Afrasiabi does not have personal knowledge of these statements attributed to Mr. Rooney. See Ellis v. Safety *656 Insurance Co., 41 Mass.App.Ct. 630, 635 (1996). Without such personal knowledge, and resting solely on the inadmissible newspaper article, Mr. Afrasiabi’s claim for defamation, as a matter of law, cannot survive the motion for summary judgment. See Kourouvacilis v. General Motors Corp., supra at 715-16; Flesner v. Technical Communications Corp., supra at 817-18; Madsen v. Irwin, supra at 719; Whirty v. Lynch, supra at 500.
Furthermore, even if Mr. Afrasiabi had provided a more complete record, including admissible evidence that the statement attributed to Mr. Rooney indeed was made by the defendant, the statement in question, as a matter of law, is not susceptible to defamatory meaning. See Foley v. Lowell Sun Publishing, Co., 404 Mass. 9, 11 (1989). “. . . [I]n a defamation action, a threshold issue is whether the statement is reasonably susceptible of a defamatory meaning, and that determination is a question of law for the court...” Id. To be defamatory, a statement must hold up the individual to ridicule, hatred or contempt, and must discredit the plaintiff in the minds of any considerable respectable class of the community. Correllas v. Viveiros, supra at 319; King v. Globe Newspaper Co., supra at 718. The statement alleged to be defamatory must be interpreted reasonably. King v. Globe Newspaper Co., supra at 711-12. Thus, the court must apply an objective test, whether in the mind of the reasonable reader, the statement would discredit the plaintiff in the minds of any considerable respectable class of the community. Foley v. Lowell Sun Publishing Co., supra at 11. In the present case, the statement attributed to Mr. Rooney does not, from an objective point of view, hold up the plaintiff to hatred, ridicule, or contempt, and by itself, does not discredit him in the minds of any considerable respectable class of the community. See id.
For these reasons, the defendant’s motion for summary judgment as to Count I will be ALLOWED.
II. Count II: Malicious Prosecution
The tort of malicious prosecution has four elements, all of which must be established for a plaintiff to prevail: (1) the defendant must have instituted the criminal proceedings against the plaintiff; (2) the defendant must have acted with malice; (3) the defendant must not have had probable cause at the time the criminal proceedings were instituted; and (4) the criminal proceedings must have been terminated in favor of the plaintiff. Correllas v. Viveiros, 410 Mass. 314, 318 (1991). The essential element to be proved is the lack of probable cause. Wynne v. Rosen, 391 Mass. 797, 802 (1984). That element must be proved affirmatively, and the plaintiff bears the burden of proof. Id.; Conway v. Smerling, 37 Mass.App.Ct. 1, 3 (1994). Most importantly, lack of probable cause may not be determined or inferred from a showing by the plaintiff of malice or a termination of the criminal proceedings in a manner favorable to the plaintiff, such as acquittal or entry of nolle prosequi by the prosecutor. Wynne v. Rosen, supra at 802.
For the purposes of this civil action, a ruling of probable cause is warranted “. . . if, on undisputed evidence: one, a person ‘of ordinary caution and prudence, whether a police officer or not, knowing and seeing what the defendant knew and saw, would reasonably believe, or would entertain an honest and strong suspicion,’ that the plaintiff has committed a crime; and two, the ‘defendant’s actions and conduct indicate that [the defendant] believed this to be the case, and there is no evidence to permit a decision to the contrary.’ Lincoln v. Shea, 361 Mass. at 5-6.” Morreale v. DeZotell, 10 Mass.App.Ct. 281, 282 (1980). Where the evidence relevant to the existence of probable cause is undisputed, the court may rule as a matter of law that such cause did exist, and the plaintiff will be found to have failed to establish the cause of action of malicious prosecution. Id. Importantly, whether the plaintiff actually committed the acts of which he is accused is not material to the cause of action. Id. at 283. Thus, “. . . a conflict in testimony as to that fact does not create a jury question. ‘The defendant’s conduct must be judged by [her] honest and reasonable belief at the time [she] instituted the complaint rather than by what may turn out later to have been the actual state of things.’ Muniz v. Mehlman, 327 Mass, at 359.” Id.
In the present case, Mr. Afrasiabi bases his claim for malicious prosecution upon his assertion that the charges against him were “fanciful,” “groundless,” and brought by subordinates of a Harvard professor against whom the plaintiff had brought a lawsuit. Mr. Afrasiabi presents no admissible or relevant evidence to support his assertion. See Flesner v. Technical Communications Corp., supra at 818. When the plaintiffs theory of the case is based on “pure hypothesis, without evidentiary support,” he cannot prevail. Conway v. Smerling, supra at 6. Mr. Afrasiabi does present admissible evidence that the criminal proceedings against him were terminated in his favor when the District Attorney entered an order of nolle prosequi. See Wynne v. Rosen, supra at 801. However, a showing on this element of malicious prosecution alone is insufficient, and the plaintiffs claim must fail. See Correllas v. Viveiros, supra at 318. For that reason, the defendant’s motion for summary judgment as to Count II will be ALLOWED.
III. Count III: Negligent Infliction of Emotional Distress
To prevail on a claim for negligent infliction of emotional distress, the plaintiff must prove that (1) the defendant was negligent; (2) the plaintiff experienced emotional distress; (3) the defendant’s negligence was the proximate cause of the distress; (4) the plaintiff suffered physical harm manifested by objective symptomatology and substantiated by expert testimony; and (5) a reasonable person would have suffered *657 emotional distress under the same or similar circumstances. Sullivan v. Boston Gas Co., 414 Mass. 129, 132, 137 (1993). In the present case, Mr. Afrasiabi makes no argument about his claim for negligent infliction of emotional distress in his response to the motion for summary judgment. For this reason, it is deemed that he has waived this claim, and the defendant’s motion for summary judgment as to Count III will be ALLOWED.
Order
For the reasons stated above, it is therefore ordered that the defendant’s motion for summary judgment is ALLOWED.

Mr. Afrasiabi attempted to amend his complaint to add the count of negligent infliction of emotional distress as to all defendants. His motion to amend was returned for failure to comply with Superior Court Rule 9A without docketing. In the Superior Court’s Memorandum of Decision and Order of September 4, 1998 (van Gestel, J.), the court noted that the plaintiffs undocketed motion to amend had been treated in prior proceedings before the court as though it had been granted. On that date, the court ordered that the plaintiffs motion to amend the complaint be allowed and docketed, nunc pro tunc, to December 29, 1997.

In his complaint, Mr. Afrasiabi cites only this one alleged statement by Mr. Rooney as the basis for his claim of defamation. While Mr. Afrasiabi claims the statement made by Mr. Rooney reported that Mr. Afrasiabi had a criminal history of “subverting police investigation,” see Complaint, Par. 16, those words do not appear in the copy of the newspaper article included by the plaintiff in his complaint (“. . . a criminal history of subverting police”).